B. Flink & Sons
vs.                    No. 85341.
Isadore Perler

July 20, 1931.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $889.73.

This is an appeal from the District Court of the Sixth Judicial District in which the plaintiffs seek to recover damages for alleged breach of contracts in writing for the sale of flour, meal and oil.

It is not disputed that a written contract was entered into by the parties on the 27th day of August, 1929, for the sale and purchase of specified quantities of flour and meal, also a contract for six barrels of oil on the 9th day of April, 1929. The contract for flour and meal is written upon what appears to be a standard form and contains provisions, some of which seem to have been disregarded by the parties by common consent.

Under these contracts Perler ordered a certain quantity of merchandise, possibly every week, and deliveries of such amounts were made to him at his bakeries by the plaintiffs. In the latter part of May, 1930, Perler was indebted to the plaintiffs for merchandise delivered under these contracts in the sum of $813.50.

Perler testified that on Tuesday before the 30th of May (1930) Mr. Flink (Abe V. Flink) came to the bakery and asked him for $200; that he afterward went to Mr. Flink's office on Chalkstone Avenue in Providence and said that he would pay $50 per week on the account and cash for every shipment of flour; that Mr. Flink called him a crook and said that he didn't want to do any business with him; that on June 3rd Mr. Flink came to the Willard Avenue bakery and together they went over to the Prairie Avenue bakery, where Perler told one of his girls to make out a check for $63.50, which was done; that Mr. Flink said that he couldn't take so small a check on such a big amount; that he, Mr. Flink, tore the check up and said that he wouldn't send him any more merchandise; that he asked for no more orders until the time of the last payment.

Etta Bazarsky, a bookkeeper in the employ of Perler, testified that she drew a check for $63.50 and that Mr. Flink tore it up; that he was angry; that Perler had her draw a second check for the same amount, which she did.

Tillie Brodie, another bookkeeper working for Perler testified that after June 3rd Mr. Flink came weekly and asked for a check but never asked for an order.

Mr. Flink admitted that he tore the check up on June 3rd but denied that he refused to do further business with Perler.

Without going into further detail the Court thinks the weight of the evidence is to the effect that Mr. Flink became apprehensive because of the size of Mr. Perler's account; that he demanded

money and when Perler could pay him only a comparatively small amount per week, became angry and refused further shipments; that when Perler had paid his indebtedness or nearly so, he again asked him for an order.

Perler was behind in his payments to the plaintiff and under the terms of the contract plaintiffs had a right to terminate it.

The Court thinks Perler was justified in believing that Flink had terminated the contract. He needed flour and was obliged to buy it elsewhere. It may be suggested that since the market was falling, Perler was glad to buy elsewhere and that he never asked for further shipments nor did he give shipping instructions. Flink had refused to sell him more merchandise. He was obliged to have flour. The law does not require one to do a vain thing. Under the circumstances the Court thinks it was not necessary to formally request further shipments or to give shipping instructions.

The Court thinks the weight of the evidence indicates that the contracts were terminated by the plaintiffs and as the verdict of the jury is against the weight of the evidence, defendant's motion for a new trial is granted.

For plaintiff: Philip C. Joslin.

For defendant: Jonas Sallet.